[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
By complaint filed July 31, 1992, the plaintiff, Janice Brauman, brings this action against the defendant, Louis J. Esposito, seeking money damages, interest, late charges, attorney's fees and all costs. The plaintiff alleges the following facts. On May 20, 1987, a note was executed by the ESSU Corporation by its President, Joseph A. Sutera, and was personally guaranteed by the signature of the defendant, Louis J. Esposito. The monthly installments due under the note were not made. Consequently, the plaintiff elected to accelerate the payment of the entire debt as provided in the note. CT Page 2942 Currently due and owing on the note is the principal amount of $15,606.36, plus interest and late charges thereon, together with attorney's fees and costs.
On July 28, 1993, the defendant filed an answer to the plaintiff's complaint and three special defenses. The defendant's first special defense alleges that the subject loan is prohibited by General Statutes 37-4 in that the interest rate is greater than 12% per annum. The defendant's second special defense alleges that the defendant is a guarantor and not the maker of the subject note. Additionally, the defendant alleges that upon information and belief, no attempts to collect the note were made against the maker of the note and, therefore, the plaintiff is precluded from pursuing the defendant, guarantor. The defendant's third special defense alleges that the subject note was not issued for value as defined by General Statutes 42a-3-303.
On August 18, 1993, the plaintiff filed an answer to the defendant's special defenses, generally denying each and every allegation contained in the defendant's special defenses.
On December 16, 1993, the plaintiff filed a motion for summary judgment, an accompanying memorandum of law, and the affidavit of Richard Rothstein.
On January 18, 1994, the defendant filed a memorandum of law in opposition to the plaintiff's motion for summary judgment. The defendant also filed the affidavit of Louis J. Esposito.
In order to obtain summary judgment, the moving party must show that there exists no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364,567 A.2d 1212 (1990); Practice Book 384. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm,224 Conn. 524, 530, 620 A.2d 99 (1993).
The plaintiff, in support of her motion for summary judgment, submits the affidavit of Richard Rothstein. In his CT Page 2943 affidavit, Mr. Rothstein states as follows. On May 20, 1987, the ESSU Corporation, by its President, Joseph A. Sutera, borrowed from the affiant, acting as trustee, the sum of $17,000.00 pursuant to the terms of the subject note. Mr. Sutera and the defendant both signed the note as guarantors of payment and collection. At the time the note was executed, a mortgage was also given as security on property located at 61 Norwich-New London Turnpike in Uncasville, Connecticut. At the time of the execution of the note, the affiant provided funds in the amount of $17,000.00 to ESSU Corporation. The proceeds of the loan were used by ESSU Corporation for expenses in connection with the corporation.
The defendant, in opposition to the plaintiff's motion for summary judgment, submits the affidavit of louis [Louis] J. Esposito. In that affidavit, Mr. Esposito states that on May 20, 1987, ESSU Corporation, by Joseph A. Sutera, executed a note payable to R. Rothstein, Trustee, in the amount of $17,000.00. Mr. Esposito further states that he guaranteed the note along with Joseph A. Sutera. Finally, Mr. Esposito states that the ESSU Corporation never received any proceeds or anything of value in connection with the alleged loan transaction, and that there was no consideration and/or value for the subject note.
To satisfy his burden on a motion for summary judgment, the movant must show that there exists no genuine issue as to any material fact. Connell v. Colwell, supra, 246. The defendant's affidavit indicates that a factual issue exists regarding whether or not the ESSU Corporation received proceeds or anything of value in connection with the alleged loan transaction. The plaintiff has, therefore, not met her burden of showing the absence of any genuine issue of material fact. See Id.
Accordingly, the plaintiff's motion for summary judgment is denied.
Leuba, J.